### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | |
|---|---|
| ANN M. ALEXANDER, | } |
| Plaintiff, | } |
| v. | } CIVIL ACTION FILE NO.. |
|  | } **CV 623-036** |
| WAL-MART STORES EAST, LP, | } |
| and PHILIP MYHAND, | } |
| Defendants. | } |

## NOTICE OF REMOVAL

Wal-Mart Stores East, LP and Philip Myhand, without waiving defenses, respectfully file this Notice of Removal to the United States District Court for the Southern District of Georgia, Statesboro Division, showing the Court as follows:

1.

On April 14, 2023, Plaintiff filed the above-styled personal injury suit against Defendants in the State Court of Emanuel County, Georgia (Civ. Action No. 23SV00027), which is located in the Southern District of this Court. "Exhibit A" to this notice includes copies of all process, pleadings, and orders received by Defendants and filed in this action known to Defendants as of the time of this removal. Defendant Walmart was served with the Summons and Complaint on April 19, 2023 and Defendant Myhand was served with the Summons and Complaint on April 15, 2023. (Exhibit "A", Sheriff's Entries of Service).

2.

Plaintiff's Complaint alleges that she was injured when she slipped and fell at the Walmart in Swainsboro, Georgia on June 16, 2021. (Exhibit "A", Compl. ¶¶ 6, 9). Plaintiff's Complaint alleges four premises liability negligence causes of action and that Defendants breached duties owed to Plaintiff by (1) failure to maintain the premises in a safe manner, (2) failure to warn Plaintiff of an alleged dangerous condition, (3) failure to inspect the premises for dangerous conditions, and (4) "negligence" alleging that "Defendants herein through their agents, servants and/or employees" were negligent in a litany of ways essentially re-stating the foregoing causes of action. (Exhibit "A", *see generally* Compl.).

3.

Plaintiff's Complaint seeks an "award of special damages for past (approximately $122,382.24) and future medical expenses and past and future lost wages in an amount to be shown at trial and general damages in an amount to be determined by a jury of Plaintiff's peers against Defendants, all in an amount in excess of $10,000.00". (Exhibit "A", Compl. ¶ 31). Plaintiff also seeks attorney fees and expenses of this litigation. (*Id.* at ¶ 32).

4.

As explained in greater detail below, Defendants remove this case as this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, but for the Plaintiff's fraudulent joinder of Defendant Philip Myhand for which a Motion to Dismiss is filed contemporaneously herewith.

5.

Plaintiff is a resident and citizen of the State of Georgia. (Exhibit "A", Compl. ¶ 1).

6.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE

Management, LLC (a Delaware limited liability company) is the sole general partner and WSE Investments, LLC (a Delaware limited liability company) is the sole limited partner. The sole member of WSE Management, LLC and of WSE Investments, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company. The sole member of Wal-Mart Stores East, LLC is Walmart Inc., a Delaware corporation and Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart Inc., a Delaware corporation. Wal-Mart Stores East, LP's principal place of business is in Arkansas. Therefore, Wal-Mart Stores East, LP does not have any members or partners that are Georgia residents.

7.

Plaintiff's Complaint alleges that Philip Myhand "is the manager and/or operator of Wal-Mart Stores East, LP and is a resident of the State of Georgia, he transacts business in Georgia" at the Swainsboro, Georgia Walmart store. (Exhibit "A", Compl. ¶ 4).

8.

The citizenship of Philip Myhand should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Plaintiff has no possibility of recovery against him and, therefore, he has been fraudulently joined solely for the purpose of defeating diversity jurisdiction.

9.

Although the Complaint attempts to lump Philip Myhand into the category of "Defendants," the factual allegations of the Complaint which form the foundation for all of Plaintiff's claims do not contain a single allegation of any specific or general wrongful conduct on the part of this individual as to which he could be found liable.

10.

Further, Defendants show that Philip Myhand, the Store Manager, was not working at the Store on the date of the alleged incident and was not present on the premises. (Exhibit "B", Affidavit of Philip Myhand ¶¶ 2, 3). Therefore, he did not create the alleged hazardous condition and was not aware that there was any such alleged hazardous condition. (Exhibit "B", Myhand Aff. ¶¶ 4, 5). The daily operation of the Store is managed by Wal-Mart Stores East, LP, and is carried out by over 255 employees, including managers, assistant managers and associates. (*Id.* at ¶ 6). As Store Manager, he does not create the policies, procedures, or training manuals utilized by the Store. (*Id.* at ¶ 7). As Store Manager, he does not have the sole responsibility of inspecting, maintaining, or repairing the premises. Under the policies and procedures set forth by Wal-Mart Stores East, LP, all employees are instructed to be vigilant for hazards existing at the Store and to take steps to correct them. As Store Manager, when Myhand is present at the store, he is only one of more than 255 employees who are to carry out the store policies and procedures. (*Id.* at ¶ 8). When he is not on duty at the Store, he does not exercise supervisory control over the Store or the employees who are working. (*Id.* at ¶ 9). When he is not on duty at the Store, the primary supervisory roles at the Store are carried out by other salaried members of management. (*Id.* at ¶ 10). He is not the owner or occupier of the Store, but is simply an employee at that Store. (*Id.* at ¶ 11). He does not personally pay the bills, taxes, or wages of the store employees. (*Id.* at ¶ 12). He is not a party to any lease entered into by Wal-Mart Stores East, LP and has never seen or reviewed any such lease. (*Id.* at ¶ 13).

11.

Accordingly, Plaintiff has improperly and/or fraudulently joined Myhand in this action in an attempt to avoid diversity jurisdiction.

12.

As such, complete diversity of citizenship exists between Plaintiff, who is a resident and citizen of the State of Georgia, and the only properly named Defendant, Wal-Mart Stores East, LP, a Delaware limited partnership.

13.

Plaintiff's Complaint and Mr. Myhand's sworn Affidavit show that Plaintiff cannot establish a cause of action against Myhand. *See Glenn v. Wal-Mart Stores East, LP et al.*, No. 1:18-CV-1119-CAP, 2018 WL 11444732, at *2-3 (N.D. Ga. May 25, 2018); *Newman v. Wal-Mart Stores East, L.P.*, No. 7:15-CV-165 (HL), 2015 WL 7258497, at *4 (M.D. Ga. Nov. 17, 2015); *Joy v. Wal-Mart Stores East, LP et al.*, No. 1:20-CV-04309-WMR, 2021 WL 2562146, at *1 (N.D. Ga. Mar. 23, 2021).

14.

Inasmuch as there is diversity jurisdiction between the only proper parties to this action, Plaintiff's fraudulent joinder of Myhand should be disregarded by this Court in considering diversity jurisdiction. Defendants have filed, concurrently with this Notice of Removal, a Motion to Dismiss Myhand.

15.

"When a civil action is removed solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). (Emphasis supplied.). The unanimity requirement is a "bright line" limitation that is strictly enforced. *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1049-50 (11th Cir. 2001). *Smith v. Health Center of Lake City, Inc.*, 252 F.Supp.2d 1336, 1338-39 (M.D. Fla. 2003). Each separate defendant must personally or through that defendant's own counsel

confirm to the District Court, within the time permitted to seek removal, that the defendant has consented to or joined in removal. Defendant Myhand consents to the removal of this case. Accordingly, all of the consent removal requirements found in 28 U.S.C. § 1446 are satisfied.

16.

Given the damages sought in the Complaint, Plaintiff's Complaint establishes on its face that the amount in controversy in this action exceeds $75,000.

17.

Defendants have timely removed this case pursuant to 28 U.S.C. §1446(b)(1) which provides that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…". This case is being removed within 30 days of service on the last-served defendant (Wal-Mart Stores East, LP was served on April 19, 2023) and removal is therefore timely. *Bailey v. Janssen Pharmaceutica Inc.*, 2008 WL 2894742 (11th Cir. July 29, 2008).

18.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441 because complete diversity exists between the proper parties to this action and the amount in controversy exceeds $75,000.00.

19.

Pursuant to 28 U.S.C. § 1446, Defendants are not required to file a removal bond.

20.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446 per the attached certificate of service.

21.

A true and correct copy of this Notice of Removal will be filed with the Clerk of State Court of Emanuel County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants pray that this lawsuit be removed to the United States District Court for the Southern District of Georgia, Statesboro Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Emanuel County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

Respectfully submitted this 17th day of May 2023.

**DREW, ECKL & FARNHAM, LLP**

/s/ Samantha A. DiPolito
Garret W. Meader
Georgia Bar No. 142402
Samantha A. DiPolito
Georgia Bar No. 203011
*Attorneys for Defendants*

100 Main Street, Suite A
St. Simons Island, GA 31522
(912) 280-9662
meaderg@deflaw.com
DiPolitos@deflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing *Notice of Removal* on all parties by e-filing with the Court's PACER electronic filing system which will provide service of same to all counsel of record.

This 17th day of May 2023.

                                          **DREW, ECKL & FARNHAM, LLP**

                                          /s/ Samantha A. DiPolito
                                          Garret W. Meader
                                          Georgia Bar No. 142402
                                          Samantha A. DiPolito
                                          Georgia Bar No. 203011
                                          *Attorneys for Defendants*

100 Main Street, Suite A
St. Simons Island, GA 31522
(912) 280-9662
meaderg@deflaw.com
DiPolitos@deflaw.com