IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANN M. ALEXANDER,

      Plaintiff,

        v.

WAL-MART STORES EAST, LP; and
PHILIP MYHAND,

      Defendants.

CIVIL ACTION NO.: 6:23-cv-36

**O R D E R**

This matter is before the Court on Defendants' Motion to Stay.  Doc. 16.  Defendants ask the Court to stay proceedings in this matter until the resolution of Defendants' Motion to Dismiss Defendant Myhand and Plaintiff's Motion to Remand.  Id. at 1.  Plaintiff filed a response, opposing a stay.  Doc. 19 at 2.  Defendants filed notice of their intent to file a reply brief but ultimately did not file one, and the time to file a reply has expired.  Doc. 20.  For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.  The Court also **DIRECTS** the Clerk of Court to **TERMINATE** the Rule 26(f) report on the docket.  Doc. 15. The Court **ORDERS** Defendant Wal-Mart and Plaintiff to file a new Rule 26(f) report within seven days.

Overall, the Court has broad discretion when deciding whether to issue a stay of discovery.  Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties.  Carapella v. State Farm Fla. Ins. Co.,

No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v.

Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997).  For these reasons, this Court and

other courts within the Eleventh Circuit routinely find good cause to stay the discovery period

where there is a pending motion to dismiss.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16,

2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079,

2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368

("[T]here is good cause to stay discovery obligations until the District Judge rules on [the

defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No.

2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter,141 F.

App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery

before the court rules on the motion [to dismiss].")).

　　　When "deciding whether to stay discovery pending resolution of a pending motion, the

Court inevitably must balance the harm produced by a delay in discovery against the possibility

that the motion will be granted and entirely eliminate the need for such discovery." SP

Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8,

2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also

determine whether the parties "have any need for discovery before the court rules on the

[dispositive] motion." Chudasama, 123 F.3d at 1367.  In addition, "a court must take a

preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted."

Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016).

"[A] stay should be granted only where the motion to dismiss appears, upon preliminary review,

to be clearly meritorious and truly case dispositive." Id.

　　　Defendants have shown good cause to stay the discovery deadlines as to Defendant

2

Myhand but not for Defendant Wal-Mart.  Plaintiff states in her response to the motion to stay

Defendants' motion to dismiss should be denied, but she did not actually file any response in

opposition to that motion.  See Doc. 6.  A failure to respond to a motion typically indicates there

is no opposition.  Local R. 7.5.  A "preliminary peek" at Defendants' motion to dismiss reveals

the motion could dispose of all or most of the claims against Defendant Myhand.  Sams, 2016

WL 3339764 at *6; Doc. 6.  While ruling on the motion to dismiss is a decision for the District

Judge, it appears Defendants' motion has some merit and, if granted in its entirety, could

eliminate all claims against Defendant Myhand.  Doc. 6.  Thus, the Court **GRANTS in part**

Defendants' Motion to Stay and **STAYS** the discovery deadlines as to Defendant Myhand until

the resolution of Defendants' motion to dismiss.  If any claims against Defendant Myhand

remain pending after resolution of the motion to dismiss, this stay shall lift automatically.

However, the Court finds there is not good cause to stay the discovery deadlines as to

Defendant Wal-Mart.  While Defendant Wal-Mart argues the Court should preserve the time and

resources of the parties pending the Court's rulings on Plaintiff's motion to remand, Defendant

Wal-Mart fails to show how any discovery undertaken in this action could not be used in state

court, where a successful remand motion would ultimately send this case.  See Applegate v.

Darby Bank & Tr. Co., No. CV410-302, 2011 WL 675031, at *1 (S.D. Ga. Feb. 17, 2011)

(denying a motion to stay discovery where discovery undertaken in federal court could also be

used in state court upon any remand).  Thus, the Court **DENIES in part** Defendants' Motion to

Stay as to Defendant Wal-Mart.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part**

Defendants' Motion.  The Court will issue a written scheduling order governing the permitted

discovery in this case.

**SO ORDERED**, this 3rd day of August, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA