IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
ANN M. ALEXANDER,                *
                                 *
     Plaintiff,                  *
                                 *
     v.                          *   CV 623-036
                                 *
WAL-MART STORES EAST, LP; and    *
PHILIP MYHAND,                   *
                                 *
     Defendants.                 *
                                 *
```

**ORDER**

Before the Court are Defendants' notice of removal (Doc. 1) and Plaintiff's motion to remand (Doc. 14). After careful review of the record, it appears Defendants have failed to establish the Court's jurisdiction. Accordingly, Defendants are **DIRECTED** to demonstrate within **SEVEN (7) DAYS** from the date of this Order whether the Court has subject matter jurisdiction over this case, and Plaintiff's motion to remand (Doc. 14) is **DENIED WITHOUT PREJUDICE**.

**I. BACKGROUND**

On April 14, 2023, Plaintiff filed this negligence action in the State Court of Emanuel County, Georgia. (Doc. 1, ¶ 1.) Defendants removed the case to this Court on May 17, 2023, under 28 U.S.C. §§ 1332, 1441, and 1446, alleging diversity jurisdiction. (Id. ¶¶ 4, 15, 18.) Defendants contend Defendant Philip Myhand

was fraudulently joined solely for the purpose of defeating diversity and have filed a motion to dismiss him from this lawsuit.[1] (Id. ¶¶ 8, 11, 14; Doc. 5.)  On June 15, 2023, Plaintiff moved to remand.  (Doc. 14.)

## II. LEGAL STANDARD

For an action to properly be removed to federal court, the federal court must have original jurisdiction over the subject matter.  28 U.S.C. § 1441(a).  Relevant to this case, subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The party removing the case to federal court "bears the burden of proving that federal jurisdiction exists."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (citation omitted).  Complete diversity requires that "no two adverse parties are citizens of the same state."  Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)).  For diversity jurisdiction purposes, a corporation is "a citizen of

---

[1] Plaintiff has not filed a response in opposition to Defendants' motion to dismiss but has filed a subsequent motion to amend her Complaint to "clarify her already existing claims of negligent supervision and training against Defendant Myhand, which will obviate Defendants' [m]otion to [d]ismiss" and join "John Doe" defendants as parties to this action.  (Doc. 13, ¶¶ 4, 5.)  This Order does not address those pending motions.

every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. §1332(c)(1). "'Principal place of business' is a term of art with a defined legal meaning for jurisdictional purposes." Wylie v. Red Bull N. Am., Inc., 627 F. App'x 755, 757 (11th Cir. 2015) (per curiam). "[A] limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)). A "limited liability company is a citizen of any state of which a member of the company is a citizen." Id. at 1022. "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." Id.

### III. DISCUSSION

The notice of removal states:

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC (a Delaware limited liability company) is the sole general partner and WSE Investments, LLC (a Delaware limited liability company) is the sole limited partner. The sole member of WSE Management, LLC and of WSE Investments, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company. The sole member of Wal-Mart Stores East, LLC is Walmart Inc., a Delaware corporation and Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart Inc., a Delaware corporation. Wal-Mart Stores East,

3

> LP's principal place of business is in Arkansas. Therefore, Wal-Mart Stores East, LP does not have any members or partners that are Georgia residents.

(Doc. 1, ¶ 6.) While the notice of removal states Walmart Inc. is a Delaware corporation and Wal-Mart Stores East, LP's principal place of business is Arkansas, the notice of removal does not include Walmart Inc.'s principal place of business.[2] Accordingly, the information in the notice of removal is insufficient to establish complete diversity. See 28 U.S.C. §1332(c)(1).

Plaintiff moves to remand, arguing "Defendants' failure to properly allege the principal place of business of Walmart, Inc. in the Notice of Removal with respect to Defendant Wal-Mart Stores East, LLP's citizenship is fatal, as Defendants have failed to carry their burden of proving that federal jurisdiction exists." (Doc. 14, at 3 (citations omitted).) However, "the failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citation and quotation marks omitted). "Defective allegations of jurisdiction may be amended, upon terms,

---

[2] In their response to Plaintiff's motion to remand, Defendants indicate "that Walmart Inc.'s principal place of business is in Bentonville, Arkansas. Therefore, Wal-Mart Stores East, LP does not have any members or partners that are citizens of the state of Georgia. Plaintiff and the only properly named party, Defendant Wal-Mart Stores East, LP, have complete diversity of citizenship and this Court has subject matter jurisdiction over the instant case." (Doc. 18, at 2-3.) Defendants' response, however, does not indicate they seek to amend their defective notice of removal.

4

in the trial or appellate courts." 28 U.S.C. § 1653. The Eleventh Circuit has held that "[i]f a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." Artjen, 561 F.3d at 1297 (citation omitted). The Eleventh Circuit explained "where subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction." Id. (citations omitted). Therefore, the Court finds leave to amend Defendants' notice of removal is proper, and Plaintiff's motion to remand (Doc. 14) is **DENIED WITHOUT PREJUDICE**. See Artjen, 561 F.3d at 1298 (directing the district court to give defendant leave to amend its notice of removal under 28 U.S.C. § 1653 "when faced solely with a procedural defect in the removal process").

The Court notes, as does Plaintiff, this is not the first time Defendant Wal-Mart Stores East, LP has failed to properly allege its citizenship in federal court. (Doc. 14, at 3.) Indeed, as far as this Court is aware, this is the fourth time Defendant Wal-Mart Stores East, LP has filed a notice of removal with this deficiency in this Court, and at least five other times Defendant Wal-Mart Stores East, LP has committed the same error in this Circuit. See, e.g., Chapman v. Walmart Stores E. LP, No. 4:23-cv-144, Doc. 14; Moore v. Walmart Stores E. LP (Delaware), No.

5

4:22-cv-139, Doc. 20; <u>Miles v. WalMart Stores E., LP</u>, No. 4:20-cv-066, Doc. 42; <u>McKeithen v. Wal-Mart Stores E., LP</u>, No. 1:22-00215, 2022 WL 2080861, at *1, *3 (S.D. Ala. June 9, 2022) (noting the Southern District of Alabama "has repeatedly found the same deficiencies in Wal-Mart Stores East, LP's disclosure statements"); <u>Durham v. Wal-Mart Stores E., LP</u>, No. 3:21-cv-325, 2021 WL 1172782, at *2 (M.D. Fla. Mar. 29, 2021); <u>McBride v. Wal-Mart Stores E., L.P.</u>, No. 18-25072-Civ, 2020 WL 2781334, at *1 (S.D. Fla. Apr. 27, 2020); <u>Londono v. Wal-Mart Stores E., L.P.</u>, No. 8:15-CV-1143-T-36JSS, 2015 WL 12866445, at *1 (M.D. Fla. July 23, 2015); <u>Nieves v. Walmart Stores E., LP</u>, No. 2:19-cv-00474, 2020 WL 5369080, at *1-3 (M.D. Fla. Sept. 8, 2020). As the Court stated previously, "this repeated failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." <u>Chapman v. Walmart Stores E. LP</u>, No. 4:23-cv-144, Doc. 14 (citation omitted) (alterations adopted).

Even after receiving this reprimand from the Court, Defendant Wal-Mart Stores East, LP fails to recognize or acknowledge its continued error in its response to Plaintiff's motion to remand and expresses no remorse for its conduct. (Doc. 18, at 2.) Instead, Defendant Wal-Mart Stores East, LP brushes aside the issue since it is from "a different case" and "Plaintiff fails to recognize . . . the Court allowed Defendant . . . to demonstrate

6

whether the Court had subject matter jurisdiction." (Id.) "[W]hile the Eleventh Circuit requires that, per 28 U.S.C. § 1653, parties be given the opportunity to amend a [n]otice of [r]emoval or jurisdictional allegations to cure any deficiencies and properly allege the citizenships of the parties when the issue arises, the better course would be for parties to allege sufficient jurisdictional allegations from the outset." McKeithen, 2022 WL 2080861, at *3 n.3 (citing Artjen, 561 F.3d at 1297-1298; Dye v. Sexton, 695 F. App'x 482, 485 (11th Cir. 2017)). Defendant Wal-Mart Stores East, LP's behavior has become a pattern and cannot continue. Defendant Wal-Mart Stores East, LP is hereby warned continued failure to properly allege its citizenship will result in sanctions by the Court.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants are **DIRECTED** to amend their notice of removal within **SEVEN (7) DAYS** from the date of this Order to demonstrate whether the Court has subject matter jurisdiction over this case. Failure to do so will result in this case being remanded for lack of subject matter jurisdiction. Plaintiff's motion to remand (Doc. 14) is **DENIED WITHOUT PREJUDICE**. After Defendants have filed an amended notice, Plaintiff shall have **FOURTEEN (14) DAYS** to **RENEW** her motion to remand, if necessary.

7

**ORDER ENTERED** at Augusta, Georgia, this ___19th___ day of January, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA