IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
ANN M. ALEXANDER,              *
                               *
     Plaintiff,                *
                               *
     v.                        *    CV 623-036
                               *
WAL-MART STORES EAST, LP and   *
PHILIP MYHAND,                 *
                               *
     Defendants.               *
                               *
```

**O R D E R**

Before the Court are Defendants' motion to dismiss (Doc. 5) and Plaintiff's motion for leave to file an amended complaint (Doc. 13). For the reasons explained below, Defendants' motion is **DENIED**, and the case is **REMANDED**.

**I. BACKGROUND**

On April 14, 2023, Plaintiff filed this action in the State Court of Emanuel County, Georgia. (Doc. 1-1, at 22.) Plaintiff seeks to recover for injuries she allegedly sustained when she slipped and fell on the wet floor of Defendant Wal-Mart Stores East, LP's ("Defendant Wal-Mart") store in Swainsboro, Georgia. (Id. at 23-27.) She brings four claims against Defendant Wal-Mart and its Swainsboro store manager, Defendant Philip Myhand: (1) premises liability for failure to maintain; (2) premises liability

for failure to warn; (3) premises liability for failure to inspect; and (4) negligence. (Id. at 24-26.) Defendants removed the case to this Court on May 17, 2023, under 28 U.S.C. §§ 1332, 1441, and 1446, alleging diversity jurisdiction. (Doc. 1, ¶¶ 4, 15, 18.) Defendants contend Defendant Myhand was fraudulently joined solely to defeat diversity and have moved to dismiss him from this lawsuit. (Id. ¶¶ 8, 11, 14; Doc. 5.)

Plaintiff has not filed a response in opposition to Defendants' motion to dismiss but has moved to amend her complaint to "clarify her already existing claims of negligent supervision and training against Defendant Myhand, which will obviate Defendants' [m]otion to [d]ismiss" and join "John Doe" defendants as parties. (Doc. 13, ¶¶ 4, 5.) Defendants oppose Plaintiff's motion. (Doc. 17.)

## II. LEGAL STANDARD

Actions initially filed in a state court may be removed to federal court in two circumstances: (1) where the claim presents a federal question or (2) where diversity jurisdiction exists. 28 U.S.C. § 1441(a)-(b). Federal courts, as courts of limited jurisdiction, must remand a case removed on diversity grounds where there is not complete diversity of citizenship between the parties or where one of the named defendants is a citizen of the state in which the suit is filed. 28 U.S.C. § 1441(b). In this circuit,

2

"there is a presumption *against* the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (emphasis added), *abrogated on other grounds by* Overlook Gardens Props., LLC v. ORIX USA, L.P., 927 F.3d 1194, 1202 (11th Cir. 2019).

Even so, courts may retain jurisdiction and "ignore the presence of [a] non-diverse defendant" when the plaintiff fraudulently joined that defendant solely to defeat federal diversity jurisdiction. Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (citation omitted). To establish fraudulent joinder, "the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)) (alterations in original). The burden of establishing fraudulent joinder "is a heavy one," and such a claim must be supported by clear and convincing evidence. Id. (internal quotation marks and citation omitted).

"The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may

3

consider affidavits and deposition transcripts submitted by the parties." Crowe, 113 F.3d at 1538 (citation omitted). In making this determination, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. (citation omitted). Indeed, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Stillwell, 663 F.3d at 1334-35 (finding that the district court erred in concluding defendant was fraudulently joined because "at the very least, [it was] possible that a Georgia state court would conclude that" plaintiff's complaint stated a cause of action against defendant given Georgia's notice pleading standards).

In addressing a fraudulent joinder claim, "this Court 'must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court.'" McKenzie v. King Am. Finishing, Inc., No. CV 612-065, 2012 WL 5473498, at *3 (S.D. Ga. Nov. 9, 2012) (quoting Stillwell, 663 F.3d at 1334). Unlike the federal pleading standard, Georgia simply requires notice pleading. See O.C.G.A. § 9-11-8(e). Thus, "it is immaterial whether a pleading states

4

conclusions or facts as long as fair notice is given, and the statement of claim is short and plain. The true test is whether the pleading gives fair notice." Carley v. Lewis, 472 S.E.2d 109, 110-11 (Ga. Ct. App. 1996) (citation omitted). Indeed, "[u]nder the Civil Practice Act a motion to dismiss . . . should not be granted unless averments in the complaint disclose with certainty that plaintiffs would not be entitled to relief under any state of facts that could be proven in support of the claim." Ledford v. Meyer, 290 S.E.2d 908, 909 (Ga. 1982) (citation omitted).

### III. DISCUSSION

Plaintiff alleges she was injured when she "slipped and fell on the wet floor" at Defendant Wal-Mart's store in Swainsboro, Georgia. (Doc. 1-1, at 23.) She asserts claims against Defendant Wal-Mart and Defendant Myhand, the store manager, under Georgia law as the owners/occupiers of the property and under principles of respondeat superior based on the alleged negligence of its employees. (Id. at 24-27.) Plaintiff alleges both Defendants knew or should have known of the hazardous condition presented to Plaintiff and others, and they failed to maintain the premises, warn Plaintiff of the dangerous condition, or inspect the premises for dangerous conditions. (Id. at 24-25.) Plaintiff also alleges Defendants were negligent in allowing an unsafe condition, failing to properly supervise employees, failing to put out a wet floor

sign, failing to provide a safe premises, failing to recognize and identify a hazardous situation, failing to take necessary steps to correct a hazardous situation that was known or should have been known to exist, and other such particulars as will be proven at trial. (Id. at 25-26.)

Defendants contend "Plaintiff's claims do not contain a single allegation of any specific or general wrongful conduct on the part of [Defendant Myhand] as to which he could be found liable." (Doc. 6, at 2.) In support of both their removal and motion to dismiss, Defendants submitted an affidavit of Defendant Myhand, who asserts he was not working when the incident occurred. (Doc. 1, ¶ 10; Doc. 1-2, at 2; Doc. 6, at 2.) In addition to not having any knowledge surrounding the events leading up to and during the fall, Defendant Myhand also was not involved in the investigation of the incident. (Doc. 1-2, at 2; Doc. 6, at 5.) When Defendant Myhand is not at the store, he does not exercise supervisory control over the store or its employees, and in his absence, the primary supervisory roles are carried out by other members of management. (Doc. 1-2, at 3; Doc. 6, at 5.) Even when he is present at the store, Defendant Myhand does not have the sole responsibility of inspecting, maintaining, or repairing the premises as "all employees are instructed to be vigilant for hazards existing at the [s]tore and to take steps to correct them." (Doc. 1-2, at 3; Doc. 6, at 6.) Defendant Myhand also played no

6

part in creating store policies, procedures, or training materials utilized by the store, and he has no personal ownership in the premises. (Doc. 1-2, at 3; Doc. 6, at 6) Based on Defendant Myhand's affidavit, Defendants argue no cause of action against him can be established, Defendant Myhand has been fraudulently joined, and complete diversity exists. (Doc. 6, at 3.)

While Plaintiff has not filed a response in opposition to Defendants' motion to dismiss, Plaintiff argues in her motion to amend that Defendants' motion would be obviated by her proposed amendments to "clarify her already existing claims" against Defendant Myhand. (Doc. 13, ¶ 4.) Even though this is not a proper response to a motion to dismiss, Plaintiff does not concede dismissal of Defendant Myhand is proper and indicates her desire to continue to pursue her claims against him under the same theory of liability. (Id.) Because of the Court's heightened duty to analyze jurisdictional issues, the Court must scrutinize whether jurisdiction existed at the time of removal, whether properly opposed or not. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citations omitted)).

Tort claims alleging premises liability are governed by O.C.G.A. § 51-3-1:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

To recover under O.C.G.A. § 51-3-1 for injuries sustained because of a slip and fall, a plaintiff must prove (1) that an "owner or occupier" of the premises on which the injury occurred had actual or constructive knowledge of the condition which caused the injury, and (2) that the plaintiff lacked knowledge of the condition despite exercising ordinary care for her own safety. Markham v. Schuster's Enters., Inc., 601 S.E.2d 712, 712 (Ga. Ct. App. 2004) (citing Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997)). "The fundamental basis for imposing liability under this two-prong test is that the owner or occupier of the premises had superior knowledge of the hazard which caused the slip and fall." Id. at 712-13 (citing Alterman Foods v. Ligon, 272 S.E.2d 327, 329 (Ga. 1980)).

Liability may only be imposed under O.C.G.A. § 51-3-1 against an "owner" or "occupier" of the subject premises. To determine whether a person is an owner or occupier subject to liability under O.C.G.A. § 51-3-1, the critical question is whether the individual exercised sufficient control over the subject premises to justify imposing liability. Scheer v. Cliatt, 212 S.E.2d 29, 30 (Ga. Ct. App. 1975) (citation omitted). But "whether [an individual]

8

retained such control over the [subject premises] as to warrant the imposition upon it of the reasonable care standard is usually a question of fact for the jury." Thompson-Weinman & Co. v. Brock, 241 S.E.2d 279, 281 (Ga. Ct. App. 1977) (citation omitted); see also Scheer, 212 S.E.2d at 30 (citation omitted).

Under certain circumstances and with sufficient supervisory authority, there have been instances when Georgia courts have found individual employees, such as a store manager, may be liable under O.C.G.A. § 51-3-1. See, e.g., Lee v. Myers, 374 S.E.2d 797 (Ga. Ct. App. 1988) (holding that a manager of farmer's market operated by Georgia Department of Agriculture owed duty under O.C.G.A. § 51-3-1 to maintain safe premises); Rhodes v. K-Mart Corp., 522 S.E.2d 563, 564-65 (Ga. Ct. App. 1999) (finding jury issue existed as to whether K-Mart and "John Doe" store employee created a hazard due to failure to inspect and secure item that fell on Plaintiff); Coffer v. Bradshaw, 167 S.E. 119, 121-23 (Ga. Ct. App. 1932) (holding that misfeasance claim could be maintained against the premises owner and employee who was working at the time of the incident); Reed v. Arrington-Blount Ford, Inc., 252 S.E.2d 13, 14-15 (Ga. Ct. App. 1979) (finding a malicious prosecution cause of action existed against an employee who was working and took affirmative steps to bring about plaintiff's alleged injuries). These cases, however, do not answer whether personal liability may be imposed on a manager who was not present and asserts that in

9

his absence he does not exercise control over the store. Furthermore, there is a split among federal courts who have faced the same issue. See, e.g., Glenn v. Wal-Mart Stores E., LP, No. 1:18-CV-1119, 2018 WL 11444732, *2-3 (N.D. Ga. May 25, 2018) (finding fraudulent joinder and denying remand when the only non-diverse party was a store manager who was undisputedly absent from the store on the day of the incident and lacked ownership interest in the premises); Newman v. Wal-Mart Stores E., L.P., No. 7:15-CV-165, 2015 WL 7258497, *3-5 (M.D. Ga. Nov. 17, 2015) (finding fraudulent joinder and denying remand when manager was undisputedly not on duty on the day plaintiff was injured); Hambrick v. Wal-Mart Stores E., LP, No. 4:14-CV-66, 2014 WL 1921341, *3-4 (M.D. Ga. May 14, 2014) (finding defendants did not carry burden to show the non-diverse defendants, including a manager who was not on duty the day of the accident, were fraudulently joined because under the record viewed in the light most favorable to plaintiff, Georgia law did not conclusively preclude a cause of action). Due to this split, the Court has no guiding authority on Defendant Myhand's potential liability.

Given Georgia's liberal notice pleading standard, it is unclear whether Plaintiff has no *possible* cause of action against Defendant Myhand sounding in premises liability "under any state of facts,". Ledford, 290 S.E.2d at 909 (citation omitted). Because of the presumption in favor of remand and that all facts

when analyzing fraudulent joinder must be construed in favor of the plaintiff, the Court finds Defendants have not carried their burden of demonstrating Defendant Myhand was fraudulently joined. See Russell Corp., 264 F.3d at 1050. Accordingly, Defendants' motion to dismiss (Doc. 5) is **DENIED**. Because Defendant Myhand is party to the action, complete diversity does not exist, and remand is proper.

## IV. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss for fraudulent joinder (Doc. 5) is **DENIED**. The Clerk is directed to **REMAND** this case to the State Court of Emanuel County, Georgia. The Clerk is **FURTHER DIRECTED** to **TERMINATE** all motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of February, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA